IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**RODNEY MAYES**   **PLAINTIFF**

**v.**   **CIVIL ACTION NO. 3:11cv96-TSL-MTP**

**MICHAEL KOLLMAN AND**   **DEFENDANTS**
**KOHLER TRANSPORT, INC.**

**consolidated with**

**JERAMIE HICKS**   **PLAINTIFF**

**v.**   **CIVIL ACTION NO. 3:11cv97-HTW-LRA**

**MICHAEL KOLLMAN AND**   **DEFENDANTS**
**KOHLER TRANSPORT, INC.**

## ORDER CONSOLIDATING CASES

This matter is before the Court on Defendants' Motion [6] to Consolidate.[1]  Plaintiffs have responded [7], and Defendants have replied [11].  Having considered the submissions of the parties, the entire record in both cases, and the applicable law, the Court finds that consolidation is appropriate.

These causes of action[2] arise from a vehicular accident occurring on February 3, 2011.  It is alleged that Defendant Michael Kollman was negligent in the operation of a tractor-trailer

---

[1] A motion to consolidate has been filed in Civil Action No. 3:11cv96 (Rodney Mayes as Plaintiff), but not Civil Action No. 3:11cv97 (Jeramie Hicks as Plaintiff).  Defendants are the same in each case.  Because the motion is opposed and for convenience, Plaintiffs will be referred to in the plural.  This does not change the fact that their cases are separate.  *See* discussion *infra*.

[2] These cases were filed originally on the same day (February 9, 2011) in the Circuit Court of Hinds County, and removed to this Court on the same day (February 17, 2011).

owned by his employer, Defendant Kohler Transport, Inc., causing Plaintiffs severe injuries.[3] Plaintiffs' complaints are identical except in two respects: Hicks does not mention that Mayes was his passenger, and the description of the injuries suffered by each varies.

The only legal authority cited by Plaintiffs acknowledges the Court's broad discretion with regard to consolidation. The only argument offered by Plaintiffs against consolidation is that jury confusion and prejudice will result "[d]ue to the vast difference in the injuries [Plaintiffs] sustained in this accident . . ." They speculate that requiring the jury "to keep each of these injuries and damages separate and distinct during trial" could result in verdicts inconsistent with the evidence.

Consolidation is proper pursuant to Fed. R. Civ. P. 42(a), which permits the Court to consolidate actions involving common issues of law or fact, especially when doing so will avoid unnecessary costs or delay or will eliminate unnecessary repetition or confusion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761-62 (5th Cir. 1989); *Miller v. U.S. Postal Service*, 729 F.2d 1033, 1036 (5th Cir. 1984). The instant two cases, which were filed on the same day, involve claims of the occupants of a vehicle involved in an accident for which they allege the same Defendants are responsible. These cases will utilize many of the same witnesses and records, and involve the same subject matter and many common issues. Plaintiffs and Defendants are represented by the same respective attorneys in both cases.

Consolidation of these cases will serve to reduce the costs and expenses of all parties. Likewise, by eliminating duplicate motions on the same issues and eliminating multiple hearings

---

[3]Plaintiff Mayes was a passenger in a vehicle driven by Plaintiff Hicks. Mayes alleges in his Complaint [1]-1 that Hicks was operating his vehicle in a lawful, careful, and prudent manner when Kollman ran a red light and struck the vehicle in which Plaintiffs were riding.

and trials, consolidation will conserve judicial time and resources. Plaintiffs are not in conflicting positions and have not demonstrated or established sufficient grounds for keeping these cases separate. *See generally McWhorter v. Ryder Tank Line, Inc.*, 387 F.2d 635 (5th Cir. 1968) (no error in consolidating cases where plaintiffs claimed different standards of care and conduct applying to driver and passenger; trial court adequately instructed jury). However, consolidation "does not merge the suits into a single action or change the rights of the parties or make those who are parties in one suit parties in another; rather, . . . the actions maintain their separate identities." *Mayfield v. American Automobile Insurance Co.*, 2003 WL 21250935, at *1 (N.D. Tex. 2003) (citations and internal quotations omitted). *See also Miller*, 729 F.2d at 1036 ("Consolidation does not so completely merge the two cases as to deprive a party of any substantial rights that he may have if the actions had proceeded separately, for the two suits retain their separate identities and each requires the entry of a separate judgment."); L. U. Civ. R. 42. Accordingly,

**IT IS ORDERED** that Defendants' Motion [6] to Consolidate is **GRANTED**. These matters are hereby consolidated for all purposes, including trial. All future pleadings and filings shall be filed only in Civil Action No. 3:11cv96.

**SO ORDERED** this the 7th day of April, 2011.

s/ Michael T. Parker
United States Magistrate Judge
